NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000075
24-AUG-2015
08:29 AM**

CAAP-13-0000075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FRANCISCAN VILLAS LLC, Plaintiff-Appellant, v.
ST. FRANCIS RESIDENTIAL CARE COMMUNITY;
ST. FRANCIS HEALTHCARE SYSTEM OF HAWAII; Defendants-Appellees,
and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; DOE ENTITIES 1-10; DOE "NON-PROFIT"
CORPORATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2821-11 KKS)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Franciscan Villas LLC (**FVL**) appeals

from the February 4, 2013 Order Granting Defendant St. Francis

Residential Care Community's Motion to Expunge Franciscan Villas

LLC's Notice of Pendency of Action[1] (**Expungement Order**), entered

by the Circuit Court of the First Circuit (**Circuit Court**).[2]

Defendants-Appellees are St. Francis Residential Care Community

---

[1]     The terms "notice of pendency of action" and "*lis pendens*" are used interchangeably in Hawaiʻi case law.  See, e.g., Lathrop v. Sakatani, 111 Hawaiʻi 307, 309 n.1, 141 P.3d 480, 482 n.1 (2006).

[2]     The Honorable Karl K. Sakamoto presided.

(**Residential**) and St. Francis Healthcare System of Hawai'i (**System**)[3] (collectively, **Appellees**).

FVL raises a single point of error on appeal, contending that the Circuit Court abused its discretion in granting the Motion to Expunge and entering the Expungement Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve FVL's point of error as follows:

In S. Utsunomiya Enters. v. Moomuku Country Club, 75 Haw. 480, 866 P.2d 951 (1994), the Hawai'i Supreme Court clearly held that "the filing of a *lis pendens* must be limited in application to actions directly seeking to obtain title to or possession of real property[.]" Utsunomiya, 75 Haw. at 484, 866 P.2d at 956.

Acknowledging that there was some authority to the contrary, the court emphasized that it "[found] more persuasive the authority that holds that the *lis pendens* statute must be strictly construed and that the application of *lis pendens* should be limited to actions *directly* seeking to obtain title to or possession of real property." Id. at 510, 866 P.2d at 966 (emphasis in original). FVL does not directly seek to obtain title to or possession of the subject real property. FVL's argument in favor of a broader interpretation of Utsunomiya's

---

[3]     System is the parent company of Residential.

holding, based in part on an Arizona Court of Appeals decision, is of no avail.

Accordingly, the Circuit Court's February 4, 2013 Expungement Order is affirmed.

DATED: Honolulu, Hawai'i, August 24, 2015.

On the briefs:

William Meheula
Natasha Baldauf
(Sullivan Meheula Lee LLLP)
for Plaintiff-Appellant

Robert G. Klein
Randall K. Schmitt
Jordon J. Kimura
Jesse J.T. Smith
(McCorriston Miller Mukai
  MacKinnon LLP)
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge